UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

BENJAMIN NAZMIYAL, RACHEL GREENBERG, MICHAEL E. CRANE, WRISTWATCH CAFÉ LLC and KOSHER FOOD CONNECTION LLC,

                Appellants,

-vs-

TREASURES AND GEMS LTD.,

                Appellee.

25-cv-1047 (AS)

ORDER

---

ARUN SUBRAMANIAN, United States District Judge:

    Appellants are a group of commercial leaseholders. *See* Dkt. 3-6 at 1. As the result of a bankruptcy proceeding, the property they have leases in is slated for sale. *See id.* The Bankruptcy Court issued an oral ruling authorizing the sale on January 28, 2025. *See* Dkt. 3-5. The court then issued a written order that reflected its oral ruling on January 31, 2025 and stayed its effect until midnight on February 7, 2025. *See* Dkt. 3-3. The sale is now set to close. *See* Dkt. 3-3.

    Despite what has been billed by appellants as an emergency, appellants waited days from the Bankruptcy Court's decision to file their appeal, which was assigned to this Court on February 5. Then they waited until the afternoon of February 6—less than twelve hours before the Bankruptcy Court's order became effective—to seek a stay pending their appeal. *See* Dkt. 3. The Court held an emergency hearing, at which counsel for both appellants and appellees appeared. For the reasons below, appellants' motion is DENIED.

    The Second Circuit has outlined a four-factor test to govern the grant of a stay pending appeal: "(1) whether there is a substantial possibility of success on appeal, (2) the risk of irreparable injury to the movant absent a stay, (3) the lack of substantial harm to another party if a stay is granted, and (4) the public interests that may be affected." *In re Savage & Assocs., P.C.*, 2005 WL 488643, at *1 (S.D.N.Y. Feb. 28, 2005) (citing *Hirschfeld v. Bd. of Elections in City of New York*, 984 F.2d 35, 39 (2d Cir. 1993)). Courts within this circuit have routinely applied this standard to stays of an order of a bankruptcy court pending appeal. *See In re Adelphia Commc'ns Corp.*, 361 B.R. 337, 346 (S.D.N.Y. 2007).

    Appellants previously sought a longer stay from the Bankruptcy Court. *See* Dkt. 3-5 at 62:3-5. That request was rejected based on the clear harm a lengthier stay would cause the debtor and the lack of likelihood of appellants' success on the merits. *See id.* at 62:6-63:24. And despite the short notice, appellees have also made a persuasive case as to why appellants are not entitled to a stay. *See* Dkt. 5.

    For the reasons stated by the Bankruptcy Court and by appellees—both at the hearing and in their subsequent written response to the stay motion—the Court finds that appellants have fallen far short of showing their entitlement to any stay. While appellants may have an irreparable

injury—although for the reasons stated by appellees and addressed by the Bankruptcy Court, even that raises some questions—the other factors plainly counsel against a stay. Consistent with the Bankruptcy Court's decision, appellees have explained why there is no likelihood of success on the merits, let alone a "substantial probability" of success, and why a stay of these proceedings would threaten the other stakeholders in this case and potentially imperil a sale of the property in question that is now set to close.

Further, the Court considers appellants' delay. Throughout this process, appellants have refused to act as though there was anything real at stake in this case. *See In re Kaplan*, 373 B.R. 213, 215 (B.A.P. 1st Cir. 2007) (denying stay where appellant "sat on his hands"). The Bankruptcy Court noted that appellants declined to participate in the bankruptcy process until its very end. *See* Dkt. 3-5 at 7:6-17; 39:7-21. Then, when the Bankruptcy Court denied appellants' request for a longer stay, the court went on to note that its denial was "an immediate prompt" to appellants "to determine how they want to proceed." *Id.* at 63:19-24. Appellants instead waited until the final few hours before the sale to request a stay from this Court. Nothing about appellants' conduct communicates the sort of urgency one would expect from parties facing imminent and irreparable harm.

Appellants also argue that no bond should be required for this appeal but fail to give convincing reasons why. "If the movant seeks the imposition of a stay without a bond, the applicant has the burden of demonstrating why the court should deviate from the ordinary full security requirement." *In re 473 W. End Realty Corp.*, 507 B.R. 496, 501–02 (Bankr. S.D.N.Y. 2014) (citation omitted). Appellants give the Court a few throwaway lines at the end of their brief that reference the lack of money judgment in this case. *See* Dkt. 3-6 at 19-20. But that leaves unaddressed the almost-certain financial harm that a stay would cause appellees. *See In re Adelphia Commc'ns Corp.*, 361 B.R. 337, 368 (S.D.N.Y. 2007). Appellees addressed why the grant of a stay, coupled with no bond on this appeal, would pose serious and perhaps irreversible damage.

Perhaps as a last-ditch attempt, appellants ask this Court to grant a temporary stay to allow appellants to seek emergency relief from the Second Circuit. *See* Dkt. 4 at 7. For the reasons addressed above, that relief is unwarranted here and a temporary stay is denied. And once again, the issue of delay rears its head. Just to give another example, at last night's hearing, the Court—mindful of the pressing time constraints—indicated that it was inclined to deny a stay and offered to rule immediately so that appellants could appeal to the Second Circuit. Appellants declined to take the Court up on that offer. The record of this case tells the story of continuous delay, questionable assertions from the appellants, and immediate and tangible harm looming for others involved in this bankruptcy proceeding.

Appellants' motion for a stay is DENIED. The Clerk of Court is directed to terminate the motion at Dkt. 3.

SO ORDERED.

Dated: February 7, 2025
New York, New York

ARUN SUBRAMANIAN
United States District Judge