UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Benjamin Nazmiyal et al.,<br><br>                       Appellants,<br><br>      -against-<br><br>Treasures and Gems, Ltd.,<br><br>                      Appellee. | 25-cv-1047 (AS)<br><br>OPINION AND ORDER |

ARUN SUBRAMANIAN, United States District Judge:

For the reasons set forth below, the motion to dismiss the pending appeal is GRANTED.

## BACKGROUND

Appellants Benjamin Nazmiyal, Rachel Greenberg, Michael E. Crane, The Wristwatch Cafe LLC, and The Kosher Food Connection LLC filed this appeal on February 5, 2025 from a January 31, 2025 order of the bankruptcy court confirming the debtor's plan of liquidation and approving the sale of the building where some of the appellants were tenants. On February 6, 2025, appellants moved to stay the bankruptcy court's order pending appeal. The Court held a hearing on the motion that day, Dkt. 7, and denied the motion the next day, Dkt. 6. Appellants did not seek any further relief from this Court or the Second Circuit regarding the stay. The sale of the building closed on February 10, 2025. Dkt. 18 at 6.

The debtor filed a motion to dismiss the appeal, Dkt. 18, and appellants opposed the motion, Dkt. 29. The debtor filed its reply on April 8, 2025. Dkt. 32. On August 5, 2025, the debtor filed a letter with supplemental authorities supporting its bid for dismissal. Dkt. 34. Appellants didn't respond to the debtor's letter, and except for their opposition to the motion to dismiss, they were radio silent for months, seeking no further interim relief of any kind.

On December 29, 2025, the Court on its own initiative asked for supplemental briefing on whether appellants were seeking monetary relief on this appeal, or just to reverse the prior sale of the building, and what the basis would be for any such monetary relief. Dkt. 38. Appellants responded, Dkts. 37, 39, the debtor filed a response, Dkt. 40, and appellants replied, Dkt. 44.

## DISCUSSION

The debtor's main argument is that this appeal is equitably moot. As to any claim to reverse the sale of the building, the debtor is right. Appellants don't contest that the debtor's plan and the sale of the building were substantially consummated. Dkt. 29 at 9. That being the case, the presumption of equitable mootness is rebutted only if the appellants satisfy all five of the factors

identified by the Second Circuit in *In re Chateaugay Corp.* ("*Chateaugay II*"), 10 F.3d 944, 952–53 (2d Cir. 1993), namely that:

> [1] the court can still order some effective relief; [2] such relief will not affect the re-emergence of the debtor as a revitalized corporate entity; [3] such relief will not unravel intricate transactions so as to knock the props out from under the authorization for every transaction that has taken place and create an unmanageable, uncontrollable situation for the Bankruptcy Court; [4] the parties who would be adversely affected by the modification have notice of the appeal and an opportunity to participate in the proceedings; and [5] the appellant pursued with diligence all available remedies to obtain a stay of execution of the objectionable order[,] if the failure to do so creates a situation rendering it inequitable to reverse the orders appealed from.

*In re BGI*, *Inc.*, 772 F.3d 102, 108 (2d Cir. 2014) (citing *Chateaugay II*, 10 F.3d at 952–53); *see also, e.g.*, *In re Charter Commc'ns, Inc.*, 691 F.3d 476, 482 (2d Cir. 2012) (satisfaction of "all five *Chateaugay* factors" is required to overcome the presumption).

Before getting to these factors, the Court addresses appellants' argument that the Supreme Court's decision in *MOAC Mall Holdings LLC v. Transform Holdco LLC*, 598 U.S. 288 (2023) has effectively overruled this Circuit's "equitable mootness" jurisprudence. As explained by Judge Furman in *In re Kaspar*, however, it didn't. *In re Kaspar*, 2025 WL 1784812, at *2 (S.D.N.Y. June 27, 2025) ("Put simply, there is no basis to read *MOAC*, as DeLibero would have it, to abrogate decades of precedent concerning equitable mootness in multiple circuits . . . .").

As for the equitable-mootness factors, appellants fail to satisfy several factors as they pertain to the reversal of the sale. First, reversing the sale of the building, which was purchased free and clear of appellants' leases and now is subject to a new mortgage, would plainly be infeasible, would "unravel intricate transactions," and "create an unmanageable, uncontrollable situation for the Bankruptcy Court" at the very least. *Chateaugay II*, 10 F.3d at 952. But even if all of that could be overcome, the Court already concluded, after a lengthy eleventh-hour motion was filed by appellants right before the sale closed, that appellants failed to "pursue[] with diligence all available remedies to obtain a stay of execution" of the sale. *Id.*; Dkt. 6. Appellants didn't seek a stay from the Second Circuit after the Court's decision, even though this Court advised appellants that they could do so. *Id*. For these reasons, and those further addressed in the debtor's submissions, Dkts. 18, 32, 40, any claim to reverse the sale of the building is plainly equitably moot.

In their initial briefing on the motion, appellants offered that as an alternative to reversing the sale, they may seek monetary damages. But in response to the Court's request for supplemental briefing on this issue, appellants have failed to articulate any viable claim for monetary relief that can be raised on this appeal. Dkts. 37, 39. Indeed, while at times appellants suggest that they are bringing a claim for monetary relief, other times they fully admit that no monetary relief is possible on this appeal, absent a reversal of the building's sale. To the extent that there is some claim for monetary relief hidden in the weeds, it has plainly been waived for failure to present it sufficiently either in the bankruptcy court or here on appeal, especially given that the Court asked specifically for appellants to clearly articulate their theory for monetary relief on this appeal, to no avail. *See Debique v. Garland*, 58 F.4th 676, 684 (2d Cir. 2023) (per curiam) ("We consider abandoned any

claims not adequately presented in an appellant's brief, and an appellant's failure to make legal or factual arguments constitutes abandonment." (internal quotation marks and citation omitted)). In short, appellants have failed to overcome the presumption of equitable mootness, including to show this Court's ability to "order some effective relief." For this reason, appellants haven't made out the showing necessary to oppose dismissal of their appeal.

Finally, appellants in their post-briefing letters reprise an issue raised in their briefing, their challenge to the sale of the building to the buyer under 11 U.S.C. § 363(m). For the reasons set forth in the debtor's briefing, including that appellants failed to raise the issue in the bankruptcy court, Dkt. 32 at 5–6, and apparently that the argument is based on new facts that they plan to raise before the bankruptcy court in the first instance, to be presented on a subsequent appeal (not this one), Dkt. 29 at 11 n.1, there is no basis for relief based on this argument. *See In re Nortel Networks Sec. Litig.*, 539 F.3d 129, 132 (2d Cir. 2008) (holding "appellate courts will not consider issues raised for the first time on appeal").

## CONCLUSION

For these reasons, the motion to dismiss the appeal is GRANTED and the Clerk of Court is respectfully directed to close this case.

SO ORDERED.

Dated: February 3, 2026
New York, New York

ARUN SUBRAMANIAN
United States District Judge